State, *ex rel.* Young, *v.* Cunningham, Executor, *et al.*

Filed April 25, 1885.

---

No. 12,151.

STATE, EX REL. YOUNG, *v.* CUNNINGHAM, EXECUTOR, ET AL.

DECEDENTS' ESTATES.—*Contract of Decedent and Another.—Action Thereon.— Statute Construed.*—Under the provisions of section 2311, R. S. 1881, an action can not be commenced by complaint and summons against an executor or administrator and any other person or persons, or his or their legal representatives, upon any contract executed jointly, or jointly and severally, by the decedent and such other person or persons; but the holder of such contract can enforce its collection against the estate of such decedent only by filing his claim thereon, as provided in section 2310, R. S. 1881.

PRACTICE.—*Dismissal of Action.—Joint Motion.—Error.*—Where two or more defendants jointly move the court to dismiss the plaintiff's action, it is error to sustain such motion and dismiss the action, where any one or more of such defendants are not entitled to such dismissal.

SAME.—*Dismissal of Appeal.—Joint Motion.—Supreme Court.*—Where two or more appellees jointly move the Supreme Court for the dismissal of an appeal, the motion will be overruled, unless it be well taken by each and all who join therein. Where an appeal is properly taken, every

party to the judgment below is a necessary party to such appeal, and the separate motion of such a party for the dismissal of the appeal must be overruled.

From the Harrison Circuit Court.

*W. N. Tracewell* and *R. J. Tracewell,* for appellant.
*C. W. Cook,* for appellees.

HOWK, J.—This suit was commenced by the appellant's relator, James R. Young, on the 3d day of April, 1884, on a guardian's bond executed on the 5th day of May, 1873, by one Hester C. Roberts, then in full life, but since deceased, as guardian of the relator, then a minor, and by the appellees Thomas Strong, John McRae and George W. Fox, as her sureties in such bond. It was alleged in the relator's complaint, among other things, that his guardian had died testate in 1881; that since her death the appellee Cunningham had qualified and was acting as the executor of her last will; that before his guardian's death the relator had become twenty-one years of age, and that such guardianship had accordingly ceased. Several breaches of the condition of such bond were then assigned by the relator, and he demanded an allowance against the estate of his deceased guardian, and a judgment against her sureties for the sum of $2,000, and for all proper relief.

The appellees appeared specially, and jointly moved the court below in writing to dismiss the relator's action, for the following causes:

" 1st. That the action is commenced by complaint and summons, contrary to law, and plaintiff's claim has not been filed in the clerk's office of such county against the estate of the decedent; and,

" 2d. Because the bond sued on is a joint and several obligation, and, therefore, the defendants can not be joined with the executor of their deceased co-obligor in an action thereon."

This motion was sustained by the court, and the suit was accordingly dismissed, at the relator's costs.

State, *ex rel.* Young *v.* Cunningham, Executor, *et al.*

The relator has appealed, and has here assigned as error the decision of the court in the dismissal of his suit.

All the appellees jointly, and the appellee Cunningham, executor, separately, move this court to dismiss the appeal herein, upon the ground that the decision below grew out of a " matter connected with a decedent's estate," and the appeal was not taken within the time nor in the manner prescribed by sections 2454 and 2455, R. S. 1881.

The joint motion of all the appellees to dismiss the appeal must be overruled. Certainly the appellees Strong, McRae and Fox are not entitled to the dismissal of the appeal upon the ground assigned in such joint motion; for, as to them, the decision below from which this appeal is prosecuted could not, and did not properly, grow out of any matter connected with a decedent's estate. As to them, the suit of the appellant's relator was an ordinary civil action, and the procedure therein in the court below, and in the appeal therefrom to this court, ought to be, and is, governed by the provisions of the civil code. As to them, and as to the judgment which they recovered in this suit against the relator, the latter had the undoubted right, under the provisions of sections 632 and 633, R. S. 1881, of the civil code, to take his appeal to this court " within one year from the time the judgment" was rendered. The relator perfected his appeal in this cause by filing in the office of the clerk of this court a certified transcript of the record and his assignment of errors thereon, within one year from the rendition of the judgment below. It is clear, therefore, that as to the appellees Strong, McRea and Fox, the motion to dismiss the appeal is not well taken, and can not be sustained; and, being the joint motion of all the appellees, it is equally clear, we think, that as to all the appellees such motion must be, and accordingly is, overruled.

We are of opinion, also, that the separate motion of the appellee Cunningham, executor, to dismiss this appeal, ought not to and can not be sustained. The judgment appealed from is a joint judgment, in favor of all the appellees

and against the relator. Under the provisions of section 635, R. S. 1881, of the civil code, and under the practice of this court, as settled by a long and unbroken line of its decisions, all the parties to the judgment appealed from are necessary parties to such appeal, and the failure to make any party to such judgment a party to such appeal, of itself, affords sufficient ground for the dismissal of the appeal. *Reeder* v. *Maranda*, 55 Ind. 239; *Herzogg* v. *Chambers*, 61 Ind. 333; *Pierson* v. *Hart*, 64 Ind. 254; *Hendricks* v. *State, ex rel.*, 73 Ind. 482.

There is nothing in the statute providing for the settlement of decedents' estates, and regulating appeals to this court from any decision of any matter connected with any such estate, which contravenes the rule of practice which requires that all the parties to the judgment appealed from must be made parties to such appeal. The appellee Cunningham, executor, etc., being a party to the judgment appealed from herein, is a necessary party to this appeal, and, therefore, his separate motion to dismiss the appeal is overruled.

We come now to the consideration of the only question presented for decision by the relator's assignment of error, namely, Did the circuit court err in sustaining the joint motion of all the appellees to dismiss the relator's suit? We are clearly of the opinion that this question must be answered in the affirmative. As to the appellees Strong, McRae and Fox, there can be no doubt, we think, that the action was well brought by complaint and summons; indeed, as to them, it could not well have been brought otherwise, except upon their voluntary appearance. Under repeated decisions of this court, prior to September 19th, 1881, when the act of April 14th, 1881, "providing for the settlement and distribution of decedents' estates," took effect and became a law, the action would have been well brought, "by complaint and summons," against all the appellees. *Braxton* v. *State, ex rel.*, 25 Ind. 82; *Hays* v. *Crutcher*, 54 Ind. 260; *Ferguson* v. *State, ex rel.*, 90 Ind. 38.

State, *ex rel.* Young, *v.* Cunningham, Executor, *et al.*

But in section 87 of the last mentioned act (section 2311, R. S. 1881), the General Assembly in effect overruled these and similar decisions of this court, upon the point under consideration, and provided as follows:

"No action shall be brought by complaint and summons against any executor or administrator and any other person or persons, or his or their legal representatives, upon any contract executed jointly, or jointly and severally, by the deceased and such other person or persons, or upon any joint judgment founded thereon; but the holder of said contract or judgment shall enforce the collection thereof against the estate of the decedent only, by filing his claim as provided in the preceding section."

Of course, the provisions of this section of the statute are not open to judicial construction, for they are too plain to be misunderstood. The policy of such legislation is not a proper matter for our consideration; it is enough for us to know that the provisions of the statute are the proper subjects of legislation. It is very clear, we think, that under the provisions of section 2311, above quoted, this action was improperly brought by complaint and summons as against the appellee Cunningham, executor, and if, for this cause, he had separately moved the court to dismiss the suit as against himself only, it would have been error, as it seems to us, to have overruled his motion. He had the right to insist that the relator's claim against the estate of his testatrix should be brought before the court only in the manner provided in section 2310, R. S. 1881. *Morrison* v. *Kramer*, 58 Ind. 38. But, surely, he had no right, either separately or jointly with his co-appellees, to move the court to dismiss the action as to all the appellees. Where two or more defendants jointly move the court to dismiss the action, the motion must be well taken as to all who join therein, otherwise such motion must be overruled.

For the reasons given, we are of opinion that the court

below erred in sustaining the joint motion of all the defendants to dismiss the relator's action.

The judgment is reversed with costs, and the cause is remanded with instructions to overrule the motion to dismiss the action, and for further proceedings not inconsistent with this opinion.

