MCNAUGHT ET AL. *v.* MCNAUGHT, EXECUTOR, ET AL.

[No. 10,968. Filed December 20, 1921.]

1. FRAUD.—*Actionable Fraud.*—*Injury.*—A party complaining of fraud must state facts showing that he has suffered an injury in the matter complained of before the courts will take notice. p. 175.

2. CONTRACTS.—*Construction.*—*Plain and Unequivocal Stipulations. — Fraud or Mistake.* — An agreement reciting that the party of the first part "grants and gives to said parties of the second part all rents and profits of said land not collected and used by" the party of the first part "during his lifetime," was clear and unequivocal, and the parties of the second part cannot vary the plain and obvious meaning of such recital by alleged mutual understanding that the party of the first part should retain only enough money for his personal living expenses, and that the balance should go to the parties of the second part, since, in the absence of fraud or mistake, contracts will be enforced by the courts as the parties have made them. p. 175.

3. EXECUTORS AND ADMINISTRATORS. —- *Claim Against Estate. — Prosecution.*—*Statute.*—Where the executor of an estate brought an action to quiet title to realty, defendants could not file a cross-complaint and have summons issued to plaintiff as executor to prosecute a claim against the estate, instead of filing their claim under §2828 Burns 1914, Acts 1883 p. 153. p. 176.

From Morgan Circuit Court; *Alfred M. Bain,* Judge.

Action by Tecumseh S. McNaught against Thomas E. McNaught and others, in which defendants filed a cross-complaint against plaintiff individually and as executor of the estate of Thomas A. McNaught, deceased. From the judgment rendered, defendants appeal. *Affirmed.*

*Joseph E. Henley, George W. Henley* and *Joseph W. Williams,* for appellants.

*Willis Hickam, Sr., Willis Hickam, Jr.,* and *Hubert Hickam,* for appellees.

ENLOE, J.—On February 26, 1918, Tecumseh S. McNaught filed his complaint in the Owen Circuit Court, against appellant Thomas E. McNaught and others, seeking to quiet his title to a certain described tract of land, situate in said county, and containing thirty-three acres. Such proceedings were thereafter had in said cause, that the venue was changed to the Morgan Circuit Court. This complaint was answered by a general denial.

In September, 1919, the appellants filed in said court their amended cross-complaint naming as defendants therein, Tecumseh S. McNaught, individually, and as executor of the will of Thomas A. McNaught, deceased. To this cross-complaint demurrers were interposed by the appellee as executor of the will of Thomas A. McNaught, and also in his individual capacity. These demurrers were each sustained and the appellants electing to abide by said ruling, suffered judgment to be rendered against them on their said cross-complaint.

On the issues formed by the complaint and answer thereto, a trial was had before the court which resulted in a finding and decree in favor of appellee Tecumseh S. McNaught and quieting his title in and to said lands. The appellant's motion for a new trial having been overruled they prosecute this appeal and rely for reversal upon the alleged errors of the court in: (a) The sus-

taining of said demurrers to their amended cross-complaint; and (b) in overruling their motion for a new trial.

In said cross-complaint it was, among other things, alleged that on January 29, 1897, one Thomas A. McNaught was the owner of certain lands, particularly describing them, and including the lands described in the complaint herein; that on said date he conveyed said lands to one Ascenith J. McNaught, since deceased, and who was the wife of appellant, Thomas E. McNaught, in which deed of conveyance the grantor reserved to himself the possession, rents and profits of said lands during his life. It was further averred that on the same date, and as a part of the same transaction, an agreement was entered into between said grantor and the grantee in said deed and her husband, whereby said grantor gave to said grantee and her husband, all the rents and profits of said lands not collected and used by him during his lifetime; that the said Thomas A. McNaught in violation of his covenants and agreements, failed and refused to pay to said Ascenith J. McNaught and said Thomas E. McNaught, or either of them, the rents and profits of a certain portion of said real estate, to wit: (here the real estate described in plaintiff's complaint is described).

It is also averred that said Thomas A. McNaught collected of rents from said property about $10,000, which he wrongfully converted to his own use, which said sum was over and above for the support and living expenses of said Thomas A. McNaught; that of the moneys so collected said Thomas A. McNaught without any consideration therefor, gave and delivered to Tecumseh S. McNaught the sum of, to wit: $5,000.

It is further averred: "That it was mutually understood by the parties to said written agreement that the language, '*the said Thomas A. grants and gives to said*

*parties of the second part, all rents and profits of said land, not collected and used by him, the said Thomas A. McNaught during his lifetime;'* meant that out of the rents and profits of said land the said Thomas A. McNaught should retain for his personal living expenses and use, such an amount as might be necessary for such use, over and above the fixed income which the said Thomas A. at that time and ever afterward up to the time of his death as aforesaid, enjoyed and received as a pensioner of the Government of the United States, and that the balance of said profits should go to said defendants, Thomas E. and Ascenith J. McNaught."

It is further averred that said Thomas A. McNaught departed this life, testate, in Owen county, Indiana, on March 9, 1919, and that said Tecumseh S. McNaught was executor of his last will.

Copies of said deed and said contract as exhibits "A" and "B" respectively were attached to said complaint as a part thereof. There was a demand for judgment against the estate of Thomas A. McNaught in the sum of $10,000. The cross-complainants also asked that a certain quit-claim deed executed by said Thomas A. McNaught to said Tecumseh S. McNaught on February 7, 1918, to the lands in suit, be set aside and canceled and that said land be declared subject to execution to pay and satisfy said indebtedness; there was also a prayer for general relief.

"Exhibit B," which is the contract referred to in said cross-complaint, among other things, provided that in consideration of certain undertakings therein set forth to be done by said Ascenith J. McNaught: *"The said Thomas A. grants and gives to said parties of the second part all rents and profits of said land not collected and used by him the said Thomas A. McNaught during his lifetime; and the said parties of the second part, nor either of them shall be liable to the estate of the said*

*Thomas A. McNaught or anyone else therefor after the death of said Thomas A. McNaught."*

It will be noted that as incidental to the principal demand of the said cross-complaint—a money judgment—the appellants sought a certain equitable relief.

1. Were the appellants, on the facts pleaded, entitled to a money judgment in any sum? If they were not, then it matters not, so far as they are concerned, whether there was or was not any consideration to support said quit-claim deed, which they sought to have canceled. The same may be said as to said alleged gift of money. The party complaining must state facts showing that he has suffered an injury in the matter complained of, of which the law takes notice, before the courts will listen to his cry of fraud.

The appellants try to base their claim to the moneys in question upon an alleged "mutual understanding" as to what the language used in said contract, "Exhibit B," meant. The language of said contract is clear and unequivocal. It means just what it says. There is, in said cross-complaint, no allegation of mutual mistake, or mistake of the scrivener who drew said contract. For anything that appears in said cross-complaint, the parties to said contract said therein exactly what they wanted to say in plain language, and then "mutually understood" that what they had thus said meant something different—something which they had not said.

This cannot be allowed. In the absence of fraud or mistake, contracts will be enforced by the courts as the parties have made them. Any other rule would only tend to cause litigation. The "mutual understanding" as to the meaning thereof would in such cases always prove to be, on the trial, a mutual misunderstanding. See *Beard* v. *Lofton* (1885), 102 Ind. 408, 2 N. E. 129; *Shenk* v. *Stahl* (1905), 35 Ind. App. 493, 74 N. E. 538.

Tested thus, the said cross-complaint did not state facts showing the cross-complainants to be entitled to any money judgment as for a breach of said alleged contract.

The contract shows on its face that the parties of the second part thereto were to take possession of said demised lands, as tenants, and the agreement simply provided that at the death of said Thomas A. McNaught, any sum which they might then be owing, as rental for said premises should be forgiven and canceled. It had no reference to rentals collected from any other person or persons. There is no promise in said contract, by Thomas A. McNaught, to pay to the other parties thereto any sum of money whatsoever. It is simply an agreement to forgive any rental debt which might be uncollected, at the time of his death, and nothing more.

The said cross-complaint was bad for another reason. The original action was brought by the appellee, as an individual, to quiet his title to certain lands. The appellants filed their cross-complaint, had summons issued to Tecumseh S. McNaught, as executor, and instead of filing their claim against said estate they seek to litigate the matter in this action. Such procedure is expressly forbidden by our statute, §2828 Burns 1914, Acts 1883 p. 153.

Under the issues upon which this cause was tried the court did not err in overruling appellant's motion for a new trial, as there was no error committed in excluding the offered evidence, of which complaint is made.

The judgment is affirmed.