WILLIAMS ET AL. *v.* WILLIAMS, ADMR., ET AL.

[No. 27,380. Filed October 28, 1940. Rehearing denied November 25, 1940.]

582

*Cecil A. McCoy* and *Patrick B. Prescott, Jr.*, of Chicago, Illinois, for appellants.

*Emmett S. Huggins*, of Indianapolis, and *Galvin, Galvin & Leeney*, of Hammond, for appellees.

TREMAIN, J.—Appellants commenced this action by complaint and summons against the appellee Madison Williams, administrator of the estate of Madison L. Williams, deceased. The complaint was in two paragraphs. The first paragraph asked for a judgment against appellee for damages alleged to have been sustained by reason of decedent's negligence. The second paragraph pleaded a separate cause of action against the Indiana Insurance Company, named in the caption as an appellee. The appeal as to it has been dismissed heretofore by order of this court. After certain issues were formed on the complaint, an amended complaint was filed in which the appellee administrator was the sole defendant.

When the original complaint was filed the appellee, administrator, appeared specially and moved to dismiss the action for the reason that it was commenced by complaint and summons, and not as a claim filed in the office of the clerk of the court where the administration of said estate was pending; that the complaint showed upon its face that the action was to recover on a claim against the estate of the decedent; that the court was without jurisdiction to hear the cause. The court sustained the motion to dismiss. When the amended complaint was filed the administrator renewed

his motion to dismiss, which was sustained by the court. Appellants excepted to the ruling and refused to plead further; judgment was rendered against them and they appealed, assigning error upon this ruling.

Appellants, in objecting to the judgment, say that it is based upon their failure to comply with §§ 2-403 and 6-1001, Burns' 1933, §§ 50 and 3119, Baldwin's 1934, neither of which is applicable; that § 6-1001 is inapplicable to a tort action for a wrongful death. Section 6-1001 provides:

> "No action shall be brought by complaint and summons against the executor or administrator of an estate for the recovery of any claim against the decedent, but the holder thereof, whether such claim be due or not, shall file a succinct and definite statement thereof in the office of the clerk of the court in which the estate is pending . . ."

Section 2-403, together with § 2-402, referred to by the appellants, provides that a cause of action arising out of injury to the person dies with the person of either party, except for injury causing the death of any person, and other exceptions named in the statute. These sections are amended by Chapter 292 of the Acts of the General Assembly of 1937, p. 1341 (§§ 2-402 et seq., Burns' 1933 (Supp.), §§ 49 et seq. Baldwin's Supp. 1937).

Section 6-1001, *supra,* in clear, distinct, and unambiguous language states that *no action* shall be brought by complaint and summons against an executor or administrator of an estate for the recovery of *any claim* against a decedent. The phrase "any claim" is broad enough to include claims *ex contractu* and *ex delicto.* The clear intent of the statute is to include all such claims. The word "claim" as used in the decedent's act has been defined by courts of many jurisdictions. The use of the word, together with the

definitions given, is considered in 21 Am. Jur. 579, § 348, under the title "Executors and Administrators." It is there stated that as a general rule all claims against the estate of a decedent must be presented in accordance with the local statutory requirements. The word "claims," as used in the statutes requiring the presentation of claims against decedents' estates, is generally construed to mean debts or demands of a pecuniary nature which could have been enforced against a decedent in his lifetime and could have been reduced to a simple money judgment. The statutes of some states use the term "debts" or "demands." Where those terms are used it has been held that the word "debts" is not limited to claims which are strictly legal debts but includes all claims of creditors which could be enforced in law or equity. Section 352 under the same title states that statutes which in terms apply to *all claims* and demands have in several instances been held to include claims founded on tort.

The Court of Appeals of the State of Georgia in *Campbell* v. *Atlanta Coach Company* (1938), 58 Ga. App. 824, 200 S. E. 203, discussed the meaning of the word "claims" as used in the statute of that state in reference to the compromise by the guardian of a claim in favor of his ward. It was there held that the word "claims" as used in the statute authorizing the compromise and settlement of a doubtful claim for or against a ward had a technical meaning and implied that a right was in dispute, and that such claim included demands arising out of tort and embraces the assertion of a liability to the party making it to pay a sum of money.

The subject is discussed in *Barrett* v. *City of Mobile* (1900), 129 Ala. 179, 30 So. 36, 87 Am. St. Rep. 54. A city charter provided:

" 'That no claim against the city of Mobile shall be sued on until a statement thereof . . . shall have been filed with the clerk for consideration of the general council . . . .' "

The court said:

"The word 'claim' as used in this provision is comprehensive enough to include charges against the city arising in tort as well as *ex contractu*. The legislative intention was to protect the city from expenses of unnecessary litigation by affording it opportunity to settle and discharge its liabilities without suit. The same necessity exists for such protection in respect to torts as in other claims . . . ."

This reasoning is applicable to § 6-1001, *supra,* in providing that any claim against a decedent shall be filed against the estate in the office of the clerk of the court, and shall not be commenced by complaint and summons. If so filed, an opportunity at least is given to settle the claim without further litigation.

In *State ex rel. Arnold* v. *Givan, Admr.* (1874), 45 Ind. 267, an independent action was filed to collect from the decedent's estate money which was alleged to have been collected by him in a fiduciary capacity and converted to his own use. The action sounded in tort. The court held that the action must be prosecuted against the estate. In *McNaught* v. *McNaught, Exr.* (1921), 77 Ind. App. 171, 133 N. E. 402, it was charged that the decedent had been guilty of fraud in an action filed by complaint and summons. The court held that the question of such alleged fraud could be determined only by filing a claim against the estate, and that it could not be commenced by complaint and summons. In *State ex rel. Young* v. *Cunningham, Exr.* (1885), 101 Ind. 461, the court discussed the meaning of § 6-1001,

*supra,* and said that the section was not open to judicial construction; that such legislation was not a proper matter for the court to consider; that its provisions constituted a proper subject of legislation. "It is very clear, we think, that under the provisions of section 2311, above quoted, this action was improperly brought by complaint and summons as against the appellee Cunningham, executor, and if, for this cause, he had separately moved the court to dismiss the suit as against himself only, it would have been error" to overrule the motion (p. 465). There the administrator was made a defendant with other parties. He joined with the other defendants in filing a motion to dismiss.

Before this action was filed in the court below the General Assembly of this state enacted Chapter 292, *supra,* which amended § 2-403, *supra.* Section 2 of this act provides:

> "All causes of action shall survive, and may be brought, notwithstanding the death of the person entitled or liable to such action, by or against the representative of the deceased party, except actions for personal injuries to the deceased party and for promises to marry. . . . If any action has been commenced against the decedent prior to his death, the same shall continue by substituting of his personal representative as in other actions surviving the defendant's death; *in event the action be brought subsequent to the death of the party against whom the cause existed, the same shall be prosecuted as other claims against said decedent's estate.*" (Court's italics.)

The appellants argue in this court that the 1937 act is unconstitutional. However, they failed to present the question to the trial court either by answer, motion, or demurrer, and are, therefore, in no position to present the question at this time.

From the foregoing it appears that there can be no doubt that the claim in question against a decedent's estate should have been filed in the clerk's office where the estate was pending. The appellants have assigned and argued other questions arising upon rulings made by the court in forming issues upon the complaint as originally filed, but before the amended complaint was filed. The effect of filing an amended complaint was to take from the record the original complaint and all issues formed thereon.

Finding no reversible error, the judgment is affirmed.

NOTE.—Reported in 29 N. E. (2d) 557.