JAY FOSTER ET AL. v. RALPH CIVALE ET AL.

SUPERIOR COURT        NEW HAVEN COUNTY        FILE No. 68261

Memorandum filed September 2, 1947.

*Robert M. Luby,* of Meriden, for the Plaintiffs.

*Danaher & Danaher,* and *David H. Jacobs,* of Meriden, for the Defendants.

DALY, J.  The plaintiff Jay Foster and the defendant Ralph Civale entered into a written agreement on February 18, 1946, whereby the defendant Civale agreed "to provide at his own expense, land and all materials necessary and to make, erect, build and finish, in a good and workmanlike manner a Cape Cod style house on Ann Street Extension in the city of Meriden, in accordance with the specifications hereto annexed (Annex No. 1) and made a part hereof, and to deliver to the second party or his assigns the building completely finished and ready for occupancy on or before the 31st day of March, 1946, along with a duly executed warranty deed in usual form free of all mechanics liens and incumbrances of any kind whatsoever, covering both land and buildings."

In the specifications ("Annex No. 1 to Building Contract between Ralph Civale and Jay A. Foster both of Meriden dated February 1946"), under the heading "Type of House," appears the following: "Part brick and stone foundation, clapboard exterior; modified Cape Cod House is now in progress, approximately ready for plastering. It is to be finished in accordance with obvious lay-out and design indicated by its present status." The following also appeared therein: "Lot 65 x 160." The defendant Civale failed to do as he agreed.

The defendants demurred to the complaint on several grounds, the substance of some of which was that the contract

did not meet the requirements of the Statute of Frauds. The demurrer was overruled, and thereafter by a special defense the defendants alleged the same as part of their answer to the complaint. A motion to expunge this defense was granted. At the trial the defendants again claimed the Statute of Frauds as a defense.

On March 7, 1946, Jay Foster assigned his rights under the contract to the plaintiff Israel G. Jacobson. Obviously, then, the plaintiff Foster has no claim against either defendant. It is conceded that there is no right of action against the defendant John Ferrigno. Consequently, the only questions to be determined are whether the plaintiff Jacobson should have judgment against the defendant Civale and, if so, the amount of the judgment. The description of the real estate is sufficiently certain, as, without being added to, it enables identification of the property. As stated in the memorandum on demurrer, it is not essential "that the description be so precise as to render unnecessary a resort to parol evidence of extrinsic facts to apply the description to the property intended." *Gendelman* v. *Mongillo,* 96 Conn. 541, 547.

The agreed price was $8000. The value of the premises on March 31, 1946, was $11,000.

The issues are found for the plaintiff Jacobson against the defendant Civale and judgment is rendered for the plaintiff Jacobson to recover $3000 damages, together with his costs, from the defendant Civale. The issues are found for both defendants against the plaintiff Foster and for the defendant Ferrigno against both plaintiffs.