**CENTRAL NAT. BANK IN CHICAGO v. CONTINENTAL CASUALTY CO.**

No. 9978.

United States Court of Appeals
Seventh Circuit.

May 26, 1950.

———◆———

Abraham W. Brussell, Milton I. Shadur, Chicago, Ill., Goldberg, Devoe & Brussell, Chicago, Ill., of counsel, for appellant.

Oscar M. Wolff, Thomas E. Keane, Allan I. Wolff, Jr., Paul J. Furlong, Chicago, Ill., Wolff, Keane & Gomberg, Chicago, Ill., of counsel, for appellee.

Before KERNER, LINDLEY and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

This action was brought by Central National Bank in Chicago, having its place of business in Chicago, Illinois, against Continental Casualty Company, an Indiana corporation to recover on a "Banker's Blanket Bond" for certain losses alleged to have been suffered by reason of the fraudulent misappropriation of funds by one of the bank's employees. This appeal is prosecuted from an order of the District Court dismissing the complaint as amended, on motion of the defendant, on the ground that at the time plaintiff's action was instituted the defendant corporation had ceased to exist by reason of having merged with the Continental Casualty Company, an Illinois corporation.

This appeal presents two issues: (1) Whether the Indiana corporation was in existence for the purpose of this suit on December 29, 1948, after it had been merged into the Illinois corporation. (2) Whether under the pleadings in this case the trial court or this court has any jurisdiction over the Illinois corporation. If the first of these issues is decided in favor of the plaintiff, the second issue becomes moot.

The complaint, filed December 29, 1948, alleged federal jurisdiction on the ground of diversity of citizenship in a controversy

involving more than $3,000. The suit was on a bond issued by the defendant on June 30, 1941. On January 20, 1949, plaintiff amended its complaint to allege that the action arose upon a bond required of national banking associations under the laws of the United States; thereby asserting an additional reason for federal jurisdiction. On January 28, 1949, the defendant entered a special appearance alleging that its corporate existence had ended on June 30, 1948, by reason of its being merged into the Continental Casualty Company, an Illinois corporation, and on that ground moved to dismiss the cause. March 11, 1949, the plaintiff filed a second amendment to the complaint increasing the demand for damages to $200,000 and on April 20, 1949, the present counsel for plaintiff were substituted for the original counsel.

A month later both parties were before the court, and at that time the District Judge indicated he was ready to decide the motion to dismiss and was under the impression that plaintiff's cause of action, if any, was against the Illinois corporation. Counsel for plaintiff thereupon asked for a continuance for time to review the pleadings, and possibly to file a further amendment to the complaint. On June 1, 1949, plaintiff filed a third amendment to the complaint in which Continental Casualty Company of Illinois was named as an alternative defendant and judgment was asked against the original defendant "or in the alternative against the alternative defendant, Continental Casualty Company, an Illinois corporation." On the motion of counsel for the defendant, the court struck the third amendment and then entered an order dismissing the cause.

In its original complaint the plaintiff alleged that after it had sustained the alleged losses between January 1, 1947, and December 12, 1947, it promptly gave notice to the defendant insurance company of such losses sustained, filed an itemized proof of claim with the insurance company, as required by the bond, and fully complied with all other requirements of the bond.

The merger of the two insurance companies was effected pursuant to and under the provisions of the Indiana statutes providing for such mergers. Specific provision is made in the Indiana Insurance Code as to the effect which shall be given to the merger or consolidation of insurance companies. Section 39-3912, Burns Ind.Stat. Ann. (1940 Repl.). Paragraph (e) of that section provides as follows: "* * * and any claim existing or action or proceeding pending by or against any of such corporations may be prosecuted to judgment as if such merger or consolidation had not taken place, or such single corporation may be substituted in its place."

The same provision was included in the Articles of Merger between the Indiana and Illinois corporations.

It is upon this provision of the Indiana statute and of the Articles of Merger that the plaintiff herein relies. The Bank contends its claim for losses sustained prior to the merger of the Indiana corporation with the Illinois corporation, on which losses the Bank gave notice and filed proof of claim prior to the merger, constituted a "claim existing" within the meaning of the above quoted paragraph of the Indiana statute.

The defendant, on the other hand, contends that under § 39-3912(b) of the Indiana statute the separate existence of the Indiana corporation ceased and that under a correct interpretation of the Indiana Insurance Code the plaintiff did not have a "claim existing" unless at the date of the merger it had filed an instrument in some form of pending legal proceedings.

With this contention of the defendant we cannot agree. Paragraph (b) of § 39-3912, providing that the merged corporation ceased to exist, was admittedly modified to some extent by paragraph (e) of the same Section. If the plaintiff had instituted an action against the Indiana corporation, to recover its alleged losses, prior to the merger of the two corporations, it could have prosecuted such action to judgment. Paragraph (e) of the Section admittedly modified paragraph (b), at least to that extent. But, in addition to providing that a pending or existing action or proceeding might be prosecuted to judgment, paragraph (e) provided as a fur-

ther modification of paragraph (b) that a "claim existing" might also be prosecuted to judgment against the merged corporation. If the words "claim existing" only included a claim on which "an instrument had been filed in some form of legal proceedings pending at the date of the merger", as contended by defendant, the words "claim existing" would add nothing to the meaning of the paragraph and would amount only to surplusage. Rules of construction require us to give meaning to all of the words where possible.

The word "claim" has been defined by the courts of Indiana as used in the Probate Code of that state as a "debt or demand of a pecuniary nature which could have been enforced against the decedent in his lifetime and could have been reduced to a simple money judgment." Williams v. Williams, Adm'r, 217 Ind. 581, 584, 29 N.E.2d 557; Tinkham v. Tinkham, 112 Ind.App. 532, 538, 45 N.E.2d 357, 360. We find the word similarly defined in 21 Am.Jur. p. 579, § 348. We find many other Indiana statutes also using the word "claim" with the same normal meaning as used in the Probate Statutes. See § 3-2608 Burns Ind.Stat.Ann. (1946 Repl.); § 4-1501 Burns Ind.Stat.Ann. (1946 Repl.); § 10-2113 Burns Ind.Stat.Ann. (1942 Repl.); § 25-234 Burns Ind.Stat.Ann. (1948 Repl.); § 48-1301 Burns Ind.Stat.Ann.; and § 52-1124 Burns Ind.Stat.Ann. (1947 Repl.).

In the statute here under consideration it is significant also that the word "existing" was used in connection with the word "claim". "Existing" has an ordinary meaning of "the fact, or state, of being or living." In the instant case the plaintiff had alleged that it had sustained losses covered by the bond. It had given notice of the losses and filed proof of claim thereon prior to the merger. We must, therefore, hold that at the time of the merger plaintiff had a "claim existing" within the meaning of the Indiana statute and that the defendant Indiana corporation after its merger with the Illinois corporation continued to exist for the purpose of prosecuting plaintiff's claim to judgment as if such merger had not taken place.

The judgment of the District Court is, therefore, reversed and the cause is remanded for further proceedings not inconsistent with this opinion.