TIMENTERIAL, INC. *v.* JAMES DAGATA

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 166797

Memorandum filed March 23, 1971

*Louis J. Mattioli,* of Bristol, for the plaintiff.

*Dwight O. Schweitzer,* of Hartford, for the defendant.

ARMENTANO, J. This is an action wherein the plaintiff seeks injunctive relief and damages for an alleged breach of a restrictive covenant in an employment contract wherein the defendant agreed not to "engage . . . in any business venture having to do with the sale or rental of mobile homes or mobile offices in a fifty (50) mile radius from any existing Timenterial, Inc. sales lot" for a period of one year following the termination of his employment. The defendant terminated his employment about June 1, 1970, and has been engaged in the mobile home business, directly or indirectly, since about June 12, 1970, at the junction of routes 10 and 72 in Plainville, approximately one-quarter of a mile from the plaintiff's sales lot in Plainville. During the term of his employment, the defendant worked in the sales lots located in the towns of Prospect and Plainville.

In *Mattis* v. *Lally,* 138 Conn. 51, 54, our Supreme Court said: "This is a contract in restraint of trade. The test of its validity is the reasonableness of the restraint it imposes. . . . To meet this test successfully, the restraint must be limited in its operation with respect to time and place and afford no more than a fair and just protection to the interests of the party in whose favor it is to operate, without unduly interfering with the public interest." Whether the restraint is reasonable or unreasonable depends on the circumstances. The factual issues presented are (1) whether the time restriction is reasonable and (2) whether the space or area restriction is reasonable.

In answer to the first factual issue, the court finds that the time restriction of one year is reasonable. *Torrington Creamery, Inc.* v. *Davenport,* 126 Conn.

515 (two years); *May v. Young,* 125 Conn. 1 (two years); *Milaneseo v. Calvanese,* 92 Conn. 641 (three years); *Welles v. O'Connell,* 23 Conn. Sup. 335 (two years); *Nesko Corporation v. Fontaine,* 19 Conn. Sup. 160 (two years).

The contract in question states that the defendant will not "engage directly or indirectly for himself or as agent of or on behalf of any firm, association or corporation in any business venture having to do with the sale or rental of mobile homes or mobile offices in a fifty (50) mile radius from *any existing* Timenterial, Inc. sales lot." (Italics supplied.)

The word "any" is derived from the Anglo-Saxon "aenig" ("an," one, with suffix "ig"), signifying a one. It is defined as follows: "One indifferently out of a number . . . . Indicating a person, thing, etc., as one selected without restriction or limitation of choice, with the implication that every one is open to selection without exception; one, no matter what one . . . ." Webster, New International Dictionary (2d Ed.). The term "any" is synonymous with "either" and is given the full force of "every" or "all." *Iowa-Illinois Gas & Electric Co. v. City of Bettendorf,* 241 Iowa 358, 363; *Roedler v. Vandalia Bus Lines,* 281 Ill.App. 520, 523.

The word "existing" means to "have actual or real being . . . . To have being in any specified . . . place . . . ." Webster, New International Dictionary (2d Ed.). "Existing" has an ordinary meaning of the fact, or state, of being. *Central National Bank v. Continental Casualty Co.,* 182 F.2d 407, 409.

The main business of the plaintiff is the selling of mobile homes and the securing of parking spaces for mobile homes. In November, 1969, it had six sales lots in Connecticut, located in Plainville, New Milford, Groton, Prospect, Wallingford and Dan-

bury. On February 4, 1971, the date of the hearing, it had seven sales lots in Connecticut, including the mentioned six and Norwich, together with four in Massachusetts (Chicopee, Palmer, Williamstown and Lee); two in Vermont (Bennington and White River Junction); and one in Manchester, New Hampshire.

The court finds that the word "any," as used in the employment contract, means one or all of the sales lots mentioned above. The court also finds that the word "existing," as used in the employment contract, means in actual being at a specified place at the time of the alleged breach of contract. If the plaintiff intended the word "existing" to apply to sales lots in being on November 22, 1969, the date of the contract, it should have enumerated them in the contract, since at that time they were definitely known. Also, a sales lot in existence on November 22, 1969, may not be in existence on or about June 1, 1970. Conversely, a sales lot in existence on or about June 1, 1970, may not be in existence on November 22, 1969, as in the case of the Norwich sales lot.

Applying the fifty-mile radius from Plainville would encompass the area to Stamford, Connecticut, and portions of the commonwealth of Massachusetts and the state of New York. Applying the fifty-mile radius from Norwich would include portions of the states of Connecticut and Rhode Island and the commonwealth of Massachusetts. Thus, the area covered "in a fifty (50) mile radius from any existing Timenterial, Inc. sales lot" would include portions of the states of Connecticut, New York, Rhode Island, Vermont and New Hampshire and the commonwealth of Massachusetts.

In view of all the evidence, the court finds that the restriction as to space and area is unreasonable and therefore invalid. It is too broad and extensive

reasonably to secure the protection of the plaintiff's business. Assuming, arguendo, that the word "existing" as used in the contract, means in actual being at a specified place on November 22, 1969, the space and area encompassed by a fifty-mile radius from the six sales lots in existence on that date would still be unreasonable, and this court would find the restriction invalid.

There is nothing in the evidence to indicate that the services of the defendant were so special, peculiar, and individualistic that he cannot be replaced by another salesman equally competent. On the other hand, the defendant should not be deprived of the opportunity to perform work for which he is suited and to support himself and his family in reasonable comfort. 6A Corbin, Contracts, p. 102.

It cannot be said that any training, instruction or knowledge given the defendant by the plaintiff was unusual or special in any respect.

The next question is whether this court would modify the original contract to conform to a reasonable space and area restriction.

There is a line of authority which states that if the territory specified in the contract is by the phraseology of the contract so described as to be divisible, the contract is separable and may be enforced as to such portions of the territory so described as are reasonable. This is the so-called "blue-pencil rule" and applies only to cases where the contract in terms specifies several distinct areas, so that erasing the description of one or more of those areas leaves the description of an area for which the restriction is reasonable. *Beit* v. *Beit,* 15 Conn. Sup. 191, 196. Severance can be effected by striking out restrictions which are excessive with respect to area. *Attwood* v. *Lamont,* [1920] 2 K.B. 146. The covenant involved in the present case is

not to engage "in any business venture . . . in a fifty (50) mile radius from any existing Timenterial, Inc. sales lot." It is apparent that this covenant is not, in its description of the territory, divisible in the terms of the contract. Its terms cover a "fifty (50) mile radius" as a whole, and only a "fifty (50) mile radius." There are not separate towns to be blue-penciled out. The only thing which could be blue-penciled out is "fifty (50) mile radius." If that were done, there would be no area restriction. "[T]he Courts will sever in a proper case where severance can be performed by a blue pencil but not otherwise." *Attwood* v. *Lamont,* supra, 155. Where the covenant is intended by the parties to be an entirety, it cannot properly be divided by a court. *Beit* v. *Beit,* 135 Conn. 195.

There is also another line of authority—the Massachusetts rule—which states that even though the territory is not divisible in the wording of the contract, it will be enforced as to so much of the area included as would have been a reasonable area for the application of the restrictive covenant. The difficulty with this rule is that in order to apply it the court must write out a new contract for the parties. That, no court should do. *Beit* v. *Beit,* 15 Conn. Sup. 191, 198. Severance is the act of the parties, not of the court. *Putsman* v. *Taylor,* [1927] 1 K.B. 637, 640. In the instant case, there can be no doubt that the parties intended the covenant to apply to all of the "fifty (50) mile radius," not to a lesser portion of it. *Beit* v. *Beit,* 135 Conn. 195. It may well be that there is a tendency to adopt the Massachusetts rule in Connecticut. If this is so, it must be adopted by our Supreme Court and not by the trial court, which must follow established law.

The contract in question is also invalid because it lacks the element of consideration. The defendant testified that he went to work for the plaintiff on

November 17, 1969. The alleged contract was signed by him on November 22, 1969. Past consideration does not constitute legal consideration in the law of contracts. *Sandelli* v. *Duffy,* 131 Conn. 155, 157; *Plumb* v. *Curtis,* 66 Conn. 154, 172. The promise of the defendant was nudum pactum.

The issues are found for the defendant. Accordingly, for the foregoing reasons, judgment is rendered for the defendant.