In this action the plaintiff seeks to enjoin the defendant from engaging in the business of barbering in the city of Rockville or within a radius of one mile from 3 Market Street in that city. The question presented turns on the enforceability of a restrictive clause contained in a bill of sale of the business running from the defendant to the plaintiff, hereinafter considered.
For some years prior to September 20, 1948, the defendant conducted a barber shop at 3 Market Street, Rockville. On that date he sold his business to the plaintiff for the sum of $1500. The bill of sale passed title to all equipment in the shop, "together with all good will." There appears therein the following restrictive clause, the claimed breach of which gives rise to this action: "The seller (defendant) agrees, in and for the consideration of above named, that he will not engage in the barbering business for a period of five years from this date, in the City of Rockville, County of Tolland, State of Connecticut, or within a radius of one mile from Market Street in said City of Rockville, either directly or indirectly on his own account or as partner, stockholder, employee, or otherwise."
By way of special defense the defendant pleads that the restrictive clause is invalid on grounds of public policy, stressing (1) injury to the public because it is deprived of his industry or services, and (2) injury to him by reason of his being precluded from pursuing his occupation and thus being prevented from supporting himself and his family.
It has been made to appear that between August, 1949, and April, 1950, the plaintiff engaged the defendant at a weekly salary of $40 to assist him in the shop. No claim is made by the parties that these services, which were terminated by the defendant, either violated or tended to rescind the clause quoted in the bill of sale. After the defendant left the plaintiff's employ in the spring of 1950, he opened up a one-chair barber shop in his home at 37 Park Street, Rockville, where he has been conducting to date a modest barbering business from which he derives weekly gross earnings of about $35. It is this activity which gives rise to the litigation at bar. *Page 120 
The defendant is now fifty-eight years old and has been a barber for the past forty years. The customers who now patronize his shop conducted in his home have been personal customers for some years. The reason he advances for leaving the plaintiff's employ is poor health in the nature of a heart condition which requires periods of rest during the day, and varicose veins which make continued standing on his feet a painful experience. So also he has stressed the necessity of earning at least some money to keep up interest payments on three mortgages upon his home. In an endeavor to minimize the defendant's claim of financial hardship, the plaintiff brought out that the defendant is now the owner of a new Plymouth car. It is expressly found that the state of the defendant's health, in so far as heart and varicose veins are concerned, was substantially the same when he executed the bill of sale as it is today. The same finding is made regarding the mortgage obligations upon his property.
In the comparatively recent cases of May v. Young, 125 Conn. 1
(1938) and Torrington Creamery, Inc. v. Davenport,126 Conn. 515 (1940), our Supreme Court had occasion to consider the validity and enforceability of a covenant or restraining clause in a contract for services of an employee with his employer relating to a restriction placed upon the activities of the former after the termination of his employment. Both opinions discuss the line of demarcation between a restrictive clause of that character which is valid and enforceable and one which is not. See, also, memorandum of the trial court in Vick RealtyCo., v. Fassett, 15 Conn. Sup. 82.
In the case at bar the restrictive clause is in the bill of sale of a barbering business running from the defendant, as vendor, to the plaintiff, as vendee. In Samuel Stores, Inc. v. Abrams,94 Conn. 248, 253, it is stated that restrictive stipulations "between the vendor and vendee of a business and its good will . . . add to the value of what the vendor wishes to sell and also add to the value of what the vendee purchases.... [A]lso, the parties are presumably more nearly on a parity in ability to negotiate than is the case in the negotiation of agreements between employer and employee."
If it were not for the recent case of Beit v. Beit, 135 Conn. 195
(1948), the court would have no hesitation whatsoever in holding that the plaintiff is entitled to enjoin the defendant from conducting a barbering business in his home. Such decision could be predicated on the case of Cook v. Johnson, 47 Conn. 175. *Page 121 
In that case the plaintiff bought for $100 the defendant's business as a dentist together with his good will. In the bill of sale the defendant agreed not to practice dentistry within a radius of ten miles from Litchfield. The restriction was silent in respect to its duration. Nevertheless it was held that the plaintiff was entitled to injunctive relief within the area stipulated.
It remains to be determined whether the recent Beit case should control the decision in the case at bar. That case was an action for a declaratory judgment determining the validity of a restrictive clause in bills of sale of a grocery business. The plaintiffs were husband and wife and owners of an interest in three grocery stores in New London County. There was a clause in the bills of sale in which the plaintiff agreed not to engage in a similar business in New London County for a period of thirty years. The majority of the Supreme Court, speaking through Chief Justice Maltbie, concluded (p. 202) that "the covenant constituted a restraint of trade which was greater than was necessary for the protection of the business of the defendant, which imposed an unnecessary hardship upon the plaintiffs and which was unreasonable."
The holding in the Beit case has been discussed by Professor Williston and Professor Corbin in articles appearing in 23 Connecticut Bar Journal 40 and 43. Both articles merit a reading, as well as the memorandum of the trial judge (Inglis, J.) reported in 15 Conn. Sup. 191. The holding in that case is deemed not to control the decision at bar. The territorial limit involved and the duration of the restriction are of greater magnitude.
If a restraint imposed in a restrictive clause in a sale of business can be said to be reasonable both as to territory involved and duration of time of limitation, there seems to be no good reason why it should not be declared valid and enforceable in the absence of special circumstances. See, generally, 12 Am. Jur. 928, § 362; 28 Am. Jur. 295, 299, §§ 102, 105; 36 Am. Jur. 542 et seq. The discussions in Bradshaw v. Millikin, 173 N.C. 432, L.R.A. 1917E, 880, and Reeves v. Sargeant, 200 S.C. 494, are particularly helpful in gauging the limits of the problem at bar. The Bradshaw case involves the validity of a restrictive clause in the bill of sale of a barber business. The Reeves case involves a similar clause in the sale of a photographic business with noteworthy observations respecting the aspect of public policy and public interest as they may relate to such restrictions in the sale of a business. *Page 122 
Upon the evidence and the law deemed applicable, the court concludes that the restrictive clause is valid, legal and enforceable; that public policy is in no way involved; and that the defendant should be held to his stipulation. Neither territory involved nor duration of time of limitation is unreasonable. That the defendant's health may not be of the best and that his financial obligations are pressing are circumstances as well known to him when he executed the bill of sale as of today.
 Judgment to enter enjoining the defendant as prayed, with damages of $1 and all taxable costs. Penalty for violation set at $1000 together with rights of citation by plaintiff for contempt in the event of violation of the judgment entered.