548 S.E.2d 207

Carol C. POOLE, Respondent,

v.

INCENTIVES UNLIMITED, INC. d/b/a Dunlap
Motivation and Travel, Petitioner,

and

Incentives Unlimited, Inc. d/b/a Dunlap Motivation
and Travel, Third–Party Plaintiff,

v.

Northshore Travel, Inc., Third–Party Defendant.

No. 25299.

Supreme Court of South Carolina.

Heard April 5, 2001.

Decided June 4, 2001.

D. Garrison Hill, of Hill & Hill, L.L.C., of Greenville, for petitioner.

Chris B. Roberts, of Brown, Massey, Evans, McLeod & Haynsworth, P.A., of Greenville, for respondent.

## ON WRIT OF CERTIORARI TO
## THE COURT OF APPEALS

TOAL, Chief Justice:

This Court granted Incentives Unlimited's d/b/a Dunlap Motivation and Travel's ("Incentives") petition for a writ of certiorari to review the Court of Appeals' decision in *Poole v. Incentives Unlimited, Inc.*, 338 S.C. 271, 525 S.E.2d 898 (Ct.App.1999).

### FACTUAL/PROCEDURAL BACKGROUND

Carol C. Poole ("Poole") began working as an at-will travel agent for Incentives in 1992. Three and a half years later, in April 1996, Incentives asked Poole to sign an "Employment Agreement" which consisted solely of a covenant not to compete. Poole alleges she was told she had to sign the agreement in order to remain employed. Incentives states in return for signing the covenant, Poole "received continued employment" with the company. Poole signed the Employment Agreement on April 30, 1996.

In November 1996, Poole left Incentives and began working for another travel agency. Incentives refused to transfer cruise bookings for Poole and five of her friends, causing them to re-book the cruise at an increased cost. Poole then sued Incentives to recover the increased costs. Incentives answered and counterclaimed, seeking an order temporarily enjoining Poole from violating the covenant not to compete and seeking damages for the alleged breach of the covenant. The trial court denied the request for a temporary injunction.

Subsequently, both parties moved for summary judgment, and these motions were heard before the trial judge in February 1998. The trial judge, by order dated March 3, 1998, granted summary judgment to Poole on the ground the covenant not to compete was unenforceable and invalid since: (1) it was not supported by consideration; and (2) it was not witnessed by a disinterested party as required by S.C.Code Ann. § 41–19–50 (Law Co-op.1976).[1] The Court of Appeals affirmed, holding the covenant was invalid and unenforceable due to a lack of consideration. The Court of Appeals did not address the applicability of section 41–19–50. Incentives was granted certiorari, and the issues before this Court are:

I. Did the Court of Appeals err in holding continued at-will employment is insufficient consideration to support a covenant not to compete entered into during an ongoing employment relationship?

II. Did the Court of Appeals err in refusing to address the applicability of Section 41–19–50 to the case at hand?

## Law/Analysis

### I. Covenant Not to Compete

■ Incentives argues continued at-will employment is sufficient consideration for a covenant not to compete entered into during an ongoing employment relationship. Poole argues separate consideration, in addition to continued at-will employment, is need for the covenant to be enforceable. We agree with Poole.

---

1. Although in effect at the time Poole and Incentives signed the covenant, this section was repealed by Act. No. 289 of 1996.

In *Reeves v. Sargeant*, 200 S.C. 494, 21 S.E.2d 184 (1942), this Court set forth the following standard for determining the validity of a covenant not to compete:

> It is well settled that while contracts in general restraint of trade are against public policy and void, yet those in partial restraint, founded upon a valid consideration and reasonable in their operation, are valid and binding. The test which generally is laid down by which it may be determined whether a contract is reasonable is whether it affords a fair protection for the interests of the party in whose favor it is made, without being so large in its operation as to interfere with the interests of the public.

*Id.* at 498–499, 21 S.E.2d at 186 (internal citations omitted).

 This Court also announced the criteria for determining the validity of a covenant not to compete in *South Carolina Fin. Corp. of Anderson v. West Side Finance Co.*, 236 S.C. 109, 113 S.E.2d 329 (1960). "A covenant not to compete is enforceable if it is not detrimental to the public interest, . . . is reasonably limited as to time and territory, and is supported by *valuable consideration.*"*Id.* at 119, 113 S.E.2d at 334 (emphasis added). Furthermore, this Court has stressed, "It is well settled that a restrictive covenant not to engage in a competitive business ancillary to a contract of employment, will be upheld and enforced if, *inter alia*, it is *supported by a valuable consideration.*" *Standard Register Co. v. Kerrigan*, 238 S.C. 54, 72, 119 S.E.2d 533, 542 (1961) (emphasis added); *see also Rental Uniform Serv. of Florence, Inc. v. Dudley*, 278 S.C. 674, 301 S.E.2d 142 (1983) (a covenant not to compete must be supported by valuable consideration). Finally, such covenants will be critically examined and construed against the employer. *Carolina Chem. Equip. Co., Inc. v. Muckenfuss*, 322 S.C. 289, 471 S.E.2d 721 (Ct.App.1996).

The question in this case involves whether the covenant not to compete executed by Poole and Incentives is supported by valuable consideration. Incentives argues the consideration was continued at-will employment. Poole argues in order for a covenant entered into after the inception of employment to be enforceable, it must be supported by *separate* consideration, not simply continued employment.

This Court has clearly held "a covenant not to compete may be enforced where the consideration is based solely upon the at-will employment itself." *Riedman Corporation v. Jarosh*, 290 S.C. 252, 252, 349 S.E.2d 404, 404 (1986). However, the covenant in that case was entered into at the inception of employment. Therefore, the covenant passes the threshold validity test because it was exchanged for a promise of initial employment. The more difficult question becomes whether continued at-will employment is sufficient consideration to enforce a covenant entered into days, months, or even years after the initial employment offer.

In *Kerrigan, supra,* this Court addressed a covenant entered into between employee Kerrigan and employer Standard Register thirteen years after the inception of employment. This Court found the covenant enforceable. *Kerrigan, supra.* However, the facts are distinguishable from the instant case. When Kerrigan signed the covenant, he received a change in duties, change in pay, and change in position. Therefore, the consideration was not simply continued employment, but also an increase in pay and a change in duties.

■ We are persuaded by jurisdictions, such as North Carolina, which find that ordinarily employment is a sufficient consideration to support a restrictive negative covenant, but where the employment contract is supported by the purported consideration of continued employment, there is no consideration when the contract containing the covenant is exacted after several years employment and the employee's duties and position are left unchanged. *Kadis v. Britt,* 224 N.C. 154, 29 S.E.2d 543 (1944). Therefore, we adopt the rule that when a covenant is entered into after the inception of employment, separate consideration, in addition to continued at-will employment, is necessary in order for the covenant to be enforceable.

In the instant case, Poole's duties, position, and salary were left unchanged. Therefore, the covenant was unenforceable for lack of consideration.

## II. Section 41-19-50

Incentives argues the Court of Appeals erred in refusing to address its argument that S.C.Code Ann. § 41–19–50:(1) was

inapplicable to civil cases; and (2) had been repealed by the General Assembly. We disagree.

The Court of Appeals did not err in refusing to address this issue because, in light of its finding that the agreement was unenforceable for lack of consideration, a ruling on section 41-19-50 was unnecessary. For the same reason, this Court does not address this issue.

## CONCLUSION

For the foregoing reasons, the Court of Appeals' decision is **AFFIRMED.**

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.