THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(D)(2), SCACR.  
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Brian Lancaster, d/b/a Lancaster Construction, Respondent,
v.
Launeil Sanders, Janneth E. Sanders and Founders Federal Credit Union,
Defendants,
of whom Launeil Sanders and Janneth E. Sanders are,
Appellants.
 
 
 

Appeal From Spartanburg County
 Gordon G. Cooper, Master-in-Equity

Unpublished Opinion No. 2006-UP-431
Submitted November 1, 2006  Filed December 20, 2006

AFFIRMED

 
 
 
Janneth E. and Launeil Sanders, of Inman; pro se.  
David G. Ingalls, of Spartanburg, for Respondent.
 
 
 

PER CURIAM:  Launeil Sanders (Sanders) and Janneth Sanders appeal the master-in-equitys finding that the mechanics lien should be foreclosed and the amount of the damages awarded.  Sanders contends the master erred in ruling on his claims for breach of contract, fraud, negligence, and unfair trade practices because a jury trial was requested on those issues.   Sanders also raises numerous other issues concerning attorney and judicial misconduct.  We affirm.[1]  
FACTS
Sanders was building a residence on land he owned.  He acted as his own contractor to build a modular or panelized home.  Sanders had the building permit issued in his name and personally hired the subcontractors involved in the construction.  Brian Lancaster d/b/a Lancaster Construction (Lancaster) was hired to construct the foundation of the house and erect the wall panels up to the roof.  Lancaster was to provide labor consisting of himself and two others for a maximum of eight hours per day.  The parties agreed Lancaster would be paid $25.00 per hour per man.  Lancaster also testified that he rented machinery for a daily fee and purchased building supplies.  
During construction, a dispute arose concerning payment, forcing Lancaster to file a mechanics lien on the subject property.  Lancaster provided a Verified Statement of Account setting forth the personnel and hours worked.  Lancaster also sought judgment for a fifteen percent fee he claims he is owed as the contractor.  Sanders disputed the fees owed and counterclaimed for breach of contract, fraud, negligence/negligent misrepresentation, and unfair trade practices.  Sanders claimed Lancaster failed to build a fireplace as specified in the plans and improperly wasted lumber while on the jobsite.  Sanders argued there was an inaccuracy in the billing statement, citing a day when Sanders was present with the exterminator and Lancaster was not.  In his complaint, Sanders asked for a jury trial.  
When Lancaster filed his mechanics lien and complaint, the case was given two case numbers, 2002-CP-42-4362 and 2002-CP-42-4363.  At the hearing, it was decided to proceed under the caption of 2002-CP-42-4362.  Sanders did not file an answer to this complaint, but did file, pro se, a complaint against Lancaster.  Sanders complaint was given the case number 2002-CP-42-4224.  Lancaster filed a Motion to Make More Definite, a Motion to Consolidate 2002-CP-42-4362 and 2002-CP-42-4363, and a Motion for Compulsory Reference.  The motions were heard on February 5, 2003, when the parties decided to continue the case for thirty days and Sanders was ordered to hire an attorney.   Lancasters action was referred to the master by Order of the Clerk of Court dated September 29, 2004.  
A hearing was held November 4, 2004.  Sanders was present, as was Lancasters attorney.  The court, sua sponte, elected to treat the hearing as a status conference.  By consent of the parties the two actions were consolidated; Sanders was given thirty days to replead, which would be denoted as an Answer in action 2002-CP-42-4362; and all matters were referred to the master.  Shortly thereafter, Sanders attorney made his appearance, filed an Answer to Lancasters foreclosure complaint, and served counterclaims.  
The master found Lancaster was owed $1,375.00 for labor performed by Lancaster and his two workmen.  The master also found Sanders agreed to pay Lancaster for supplying materials such as glue, lumber, gun nails, drive nails, and the cost of the equipment rental.  However, the master found that, because Sanders was acting as the contractor on the project, Lancaster could not also be the contractor and was not due the fifteen percent contractors fee.  The master dismissed Sanders counterclaims finding no contract existed that would provide a basis for breach of contract and, because Sanders was the contractor, the other claims should be dismissed as well.  The master awarded $1,000.00 in attorneys fees to Lancaster as the prevailing party for a total award of $3,217.89 on the mechanics lien.  This appeal followed.  
STANDARD OF REVIEW
An action to foreclose a mechanics lien is an action at law in South Carolina.  Keeneys Metal Roofing, Inc. v. Palmieri, 345 S.C. 550, 553, 548 S.E.2d 900, 901 (Ct. App. 2001).  In an action at law, the appellate court will correct any error of law, but it must affirm the masters factual findings unless no evidence reasonably supports those findings.  Sea Cabins on the Ocean IV Homeowners Assn, Inc. v. City of N. Myrtle Beach, 337 S.C. 380, 388, 523 S.E.2d 193, 197 (Ct. App. 1999), affd in result by, 345 S.C. 380, 548 S.E.2d 595 (2001); Jeffries v. Phillips, 316 S.C. 523, 527, 451 S.E.2d 21, 22-23 (Ct. App. 1994); see also Waterpointe I Prop. Owners Assn , Inc. v. Paragon, Inc., 342 S.C. 454, 458, 536 S.E.2d 878, 880 (Ct. App. 2000) (stating that in an action at law for interpretation of a contract referred to the master-in-equity for final judgment, the appellate court will correct any error of law, but must affirm the masters findings unless no evidence reasonably supports them).  
LAW/ANALYSIS
I.  Damages 
Sanders contends the master erred in the amount of damages awarded under the mechanics lien.  We disagree.  
Specifically, Sanders contends the master erred in awarding Lancaster damages for a day Sanders claims Lancaster did not work but which was listed on the Verified Statement of Account and claims the damages should be reduced because Lancaster failed to build a fireplace specified in the plans.[2]  The master ruled on these issues and found in favor of Lancaster.  In his order, the master made specific findings concerning the amount of money owed to Lancaster for his work on Sanders project.  These findings were based on the Verified Statement of Account provided by Lancaster and the testimony presented at the hearing.  Accordingly, based on our standard of review and because the evidence supports the masters findings, we find no error in the damages awarded to Lancaster.  See Sea Cabins, 337 S.C. at 388, 523 S.E.2d at 197.  
Sanders further contends the master erred in awarding $1,000.00 in attorneys fees to Lancaster.  Section 29-5-20 of the South Carolina Code provides:  

The costs which may arise in enforcing or defending against the lien under this chapter, including a reasonable attorneys fee, may be recovered by the prevailing party. The fee must be determined by the court in which the action is brought but the fee and the court costs may not exceed
the amount of the lien.

S.C. Code Ann. § 29-5-20 (Supp. 2005).  Because Lancaster was clearly the prevailing party in that the master found the mechanics lien against Sanders should be foreclosed, the master was correct in awarding attorneys fees, which were reasonable in light of the evidence presented. 
II.  Jury Trial 
Sanders contends the master erred in deciding the issues raised in his counterclaim because he requested a jury trial on those issues.  We need not reach this issue. 
If an order deprives a party of a mode of trial to which that party is entitled as a matter of right, the order is
immediately appealable and failure to do so forever bars appellate review.  Flagstar Corp. v. Royal Surplus Lines, 341 S.C. 68, 72, 533 S.E.2d 331, 333 (2000); Foggie v. CSX Transp., Inc., 313 S.C. 98, ___, 431 S.E.2d 587, 590 (1993).  Because Sanders failed to immediately appeal his denial of a jury trial when the order referring the case to the master was issued or at the very latest when the hearing began, Sanders is barred from raising this issue on appeal.  
III.  Mechanics Lien 
Sanders contends the master erred in foreclosing the mechanics lien and ordering the sale of the subject property. Sanders further argues these actions were taken in order to intimidate him.  We disagree.  
Pursuant to section 29-5-10 of the South Carolina Code (Supp. 2005):  

(a) A person to whom a debt is due for labor performed or furnished or for materials furnished and actually used in the erection, alteration, or repair of a building or structure upon real estate or the boring and equipping of wells, by virtue of an agreement with, or by consent of, the owner of the building or structure, or a person having authority from, or rightfully acting for, the owner in procuring or furnishing the labor or materials shall have a lien upon the building or structure and upon the interest of the owner of the building or structure in the lot of land upon which it is situated to secure the payment of the debt due to him.

The master found and the evidence supports Lancaster was owed money for work he performed on Sanders property, making a mechanics lien the appropriate remedy to recover those funds.  Accordingly, it is the nature of a foreclosure of a mechanics lien to sell the subject property to satisfy the lien.  The master did not commit error in ordering the sale of the subject property because it was not done in an attempt to intimidate Sanders, but rather pursuant to the statute in order to satisfy the lien.  
IV.  Remaining Issues 
As final issues, Sanders contends the master erred in failing to find both Sanders and Lancasters attorneys and the master guilty of civil racketeering, criminal misconduct, and judicial misconduct.  However, these issues have not been preserved for our review.  An issue not ruled upon by the trial court is not preserved for appeal.  Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998).    Sanders failed to raise these issues to the master, thus failing to preserve the issues for our review.  Furthermore, even had these issues been preserved for our review, this court is not the appropriate forum to resolve such matters.  Sanders also raises the issues contained in his counterclaims throughout various portions of his brief.  However, this court will not consider arguments which are not set forth in the statement of issues on appeal.  See Rule 208(b)(1)(B), SCACR.  Furthermore, Sanders fails to make any meaningful argument concerning these issues, but rather, merely cites brief portions of law with no supporting arguments rendering these issues abandoned and precludes our consideration of them on appeal.  See In re McCracken, 346 S.C. 87, 92, 551 S.E.2d 235, 238 (2001) (stating that issues raised in a brief but not supported by argument are deemed abandoned and will not be considered on appeal).
We affirm the above issues pursuant to Rule 220(b)(1), SCACR, and the following authorities:  Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (finding an issue not ruled upon by the trial judge is not preserved for appeal); Rule 208(b)(1)(B), SCACR (Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal.); and In re McCracken, 346 S.C. 87, 92, 551 S.E.2d 235, 238 (2001) (stating that issues raised in a brief but not supported by argument are deemed abandoned and will not be considered on appeal).
CONCLUSION
For the reasons stated herein, the masters decision is 
AFFIRMED.  
HUFF, BEATTY, JJ., AND CURETON, A.J., CONCUR.

[1] We decide this case without oral argument, pursuant to Rule 215, SCACR. 
[2] In discussing this issue, Sanders also makes arguments concerning judicial and attorney misconduct.  These issues are discussed below.